IN THE CIRCUIT COURT / COUNTY OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

AARON C. PORTER.

      PLAINTIFF,

CASE NO: 2014 SC 1773

JUDGE: _____

VS.

1:15-cv-00012-MW-GRJ

MICHAEL D. CREWS, SECRETARY FLDOC.

KENNETH TUCKER, FORMER, SECRETARY FLDOC.

OFFICER J. BECK, OFFICER S. MERRITT,

SGT. L. BROCK, SGT. DAUGHTRY, SGT. L. ESTHER

CAPTIN. J. K. HARPER, J. HUGGINS, (WARDEN).

      DEFENDANTS

_____

PLAINTIFF'S SMALL CLAIMS CIVIL TORT COMPLAINT

_____

JURY TRIAL DEMANDED: All COUNTS.

DAMAGES DEMANDED: $4,125.00

      AARON C. PORTER #501401302

      BROWARD COUNTY MAIN JAIL

      555 SOUTHEAST 1ST AVE.

      FORT. LAUDERDALE, FLORIDA 33301

I.

IN THE COUNTY COURT
IN AND FOR LEON COUNTY, FLORIDA

CASE NO. 2014sc1773

AARON C. PORTER #501401302
PLAINTIFF BROWARD COUNTY MAIN JAIL

555 SOUTHEAST 1ST AVE
ADDRESS

FORT LAUDERDALE, FLA. 33301
CITY, STATE, ZIP CODE

TELEPHONE: N/A -

MICHAEL D. CREWS, ET. AL
DEFENDANT
FLORIDA DEPARTMENT OF CORRECTIONS
501 SOUTH CALHOUN STREET
ADDRESS

VS    TALLAHASSEE, FLORIDA 3299-2500
CITY, STATE, ZIP CODE

TELEPHONE: _____

## STATEMENT OF CLAIM

Plaintiff(s), AARON PORTER _____, sues Defendant(s), and alleges:

1.    This is an action for damages which does not exceed $5,000.00.

2.    Plaintiff(s) claims the amount of $ 4,125.00 with interest from _____, as being due from said
Defendant(s), and alleges as the basis of such suit:

TROVER, DETINE, CONVERSION, INVERSE CONDEMNATION, NEGLIGENCE,
DELIBERATE INDIFFERENCE, THEFT, FAILURE TO FOLLOW POLICY AND
PROCEDURES ALREADY ESTABLISHED, RETALIATION, RACIAL DISCRIMINATION,
DENIAL OF ACCESS TO COURTS, VIOLATION OF DUE PROCESS, MALICIOUS
PROSECUTION, AND INTENTIONAL FALSE IMPRISONMENT. (SEE: PAGE 26-28,
A-F).

WHEREFORE, Plaintiff demands judgment in the amount of $ 4,125.00 _____, plus all costs of this action.

Plaintiff or Agent

Revised  8/1/08

2.

SMALL CLAIMS ACTION

PURSUANT TO FLORIDA SMALL CLAIMS LAW, AND FLORIDA STATUTE, 95-11, AND U.S.C.A. § 42: 1983. THE PRO SE PLAINTIFF PETITIONS FOR REDRESS OF HIS LOST IN THIS SMALL CLAIMS ACTION, OF TORTS.

## I. BASIS FOR INVOKING JURISDICTION

1. THIS HONORABLE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS UNDER FLORIDA STATE TORT LAW, AND DAMAGES DO NOT EXCEED THE SUM OF $5000.00, PLUS COSTS.

2. THIS COURT ALSO HIS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S CONSTITUTIONAL CLAIMS, FOR THE VIOLATION OF FEDERAL PROTECTED CONSTITUTIONAL RIGHTS. 42: U.S.C § 1313, 1334, AND 1983.

## II. PLAINTIFF.

3. THE PLAINTIFF, AARON CARL PORTER, 501461302, IS CURRENTLY, A INMATE UNDER A SENTENCE, AND BACK FROM FLORIDA STATE PRISON. PLAINTIFF IS INCARCERATED AT THE BROWARD COUNTY SHERIFF'S OFFICE, DEPARTMENT OF DETENTION. 555 SOUTHEAST 1ST. AVE. FORT. LAUDERDALE, FLORIDA. 33301. NONETHELESS, PLAINTIFF IS STILL ACTIVELY, A FLORIDA STATE PRISONER,

3.

## III. DEFENDANTS TO ACTION

4. THE DEFENDANT, _KENNETH TUCKER_, AS FORMER SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS, AT All TIMES RELATED TO THIS ACTION. THE DEFENDANT WAS EMPLOYEED AS "CUSTODIAN" OF PLAINTIFF, AND WAS EMPLOYED WITH THE LEGAL DUTIES TO TRAIN, CONTROL AND _DISCEPLINE_ All STAFF. THE DEFENDANT IS SUED IN HIS _INDIVIDUAL CAPACITY_.

5. THE DEFENDANT, _MICHEAL D. CREWS_, IS THE CURRENT SECRETARY OF FLORIDA DEPARTMENT OF CORRECTIONS AND SUBSTITUED THE DEFENDANT TUCKER. THE DEFENDANT "CUSTODIAN" OF PLAINTIFF, AND IS EMPLOYEED AS SECRETARY OF CORRECTIONS. THE HEAD OF THE DEPARTMENT OF CORRECTIONS... THE SECRETARY IS RESPONSIBLE FOR PLANNING, COORDINATING, AND MANAGING THE CORRECTIONS SYSTEM OF THE STATE. THE DEFENDANT HOLDS THE DUTY THAT HE SHALL ENSURE THAT THE PROGRAMS AND SERVICES OF THE DEPARTMENT ARE ADMINISTERED IN ACCORDANCE WITH STATE AND FEDERAL LAWS, RULES, AND REGULATIONS, WITH ESTABLISHED PROGRAM STANDARDS, AND CONSISTENT WITH LEGISLATIVE INTENT... THIS DEFENDANT IS ALSO RESPONSIBLE FOR THE CARE CUSTODY AND CONTROL OF THE INMATES AND THEIR PROPERTY. DEFENDANT IS SUED IN HIS _OFFICIAL CAPACITY_.

6. THE DEFENDANTS, L. BROCK, AND DAUGHTRY, BOTH ARE EMPLOYED WITH THE FLORIDA DEPARTMENT OF CORRECTIONS, (FLDOC) BOTH HOLDING THE POSITION OF PROPERTY ROOM SERGEANTS. DEFENDANT L. BROCK EMPLOYED AT SANTA ROSA CORRECTIONAL INSTITUTION, (SRCI), 5850 EAST MILTON ROAD, MILTON FLORIDA 32583. WHILE DEFENDANT DAUGHTRY, EMPLOYED AT WALTON CORRECTIONAL INSTITUTION (WCI), 691 INSTITUTION ROAD. DEFUNK SPRINGS, FLORIDA 32433. BOTH DEFENDANTS ARE CHARGED WITH THE DUTIES TO PROTECT, STORE, SAFEKEEP THE PROPERTY OF ALL INMATES, AS WELL AS CARE CUSTODY AND CONTROL OF ALL INMATES. THESE DUTIES INCLUDES, INVENTORING, THE PROPETY IN THE INMATES PRESENCE. ENSURING THAT HE OR SHE IS TAKING ONLY THAT BELONGING TO THEM. AND OBTAINING THE INMATES SIGNATURE ON THE PROPERTY FORMS. BOTH ARE SUED IN THEIR OFFICIAL AND INDIVUAL CAPACITY.

7. THE DEFENDANTS, J. BECK, AND S. MERRITT, BOTH ARE EMPLOYED WITH THE (FLDOC) BOTH IN THE POSITION OF CORRECTIONAL OFFICERS. BOTH DEFENDANTS ARE EMPLOYED AT WALTON CORRECTIONAL INSTITUTION, (WCI), 691 INSTITUTION ROAD. DEFUNK SPRINGS, FLORIDA 32433. BOTH DEFENDANTS ARE CHARGED WITH DUTIES TO, PROTECT, STORE, TRANSPORT, AND INVENTORY PROPERTY IN INMATES PRESENCE, TO RETURN ALL PROPERTY HE IS ALLOWED TO PRASSES. THE DEFENDANTS ADDITIONALLY HAS THE DUTIES TO PROTECT, THE PLAINTIFF, CARE CUSTODY AND CONTROL OF HIS PERSON, AND PERSONAL PROPERTY. TO FOLLOW ALL STATE AND FEDERAL

LAWS, RULES, AND POLICIES OF THE DEPARTMENT. BOTH OF THESE DEFENDANTS ARE SUED IN THEIR OFFICIAL AND INDIVIUAL CAPACITY.

8. THE DEFENDANT, JOHN K. HARPER, IS EMPLOYED WITH THE (FLDOC), IN THE POSITION OF "CAPTIAN", SUPERVISOR, AND COMMANDER, AT (WCI), 691 INSTITUTION ROAD, DEFUNIAK, SPRINGS, FLORIDA, 32433. THE DEFENDANT IS CHARGED WITH THE DUTIES, TO PROTECT ALL INMATES AND THEIR PROPERTY. TO PROVIDE CARE CUSTODY AND CONTROL OF ALL INMATES AND STAFF MEMBERS AT ALL TIMES. THESE DUTIES INCLUDES THE ASSIGNMENT OF TRANSPORTING OF INMATE, AND THEIR PROPERTY, THE RECEIVING, AND INVENTORY OF THE PROPERTY IN THE PRESENCE OF THE INMATE, AND OBTAING THEIR SIGNTUARE OF THE INMATE. ADDITIONALLY, TO FULLOW ALL STATE AND FEDERAL LAWS, AND INSTITUTIONAL POLICY AND PROCEDURES, BOTH STATE AND CONSTITUTIONAL. THIS DEFENDANT IS SUED IN HIS INDIVIUAL AND OFFICAL CAPACITY. SEE ADDITIONAL DEFENDANTS AT PAGE NO. 32 ("#-72)

## IV. STATEMENT OF FACTS

9. THAT ON JUNE 09, 2012, THE PLAINTIFF WAS HOUSED IN THE FLORIDA DEPARTMENT OF CORRECTIONS, AND (SRCI) ANNEX, IN THE GENERAL POPULATION, AND WAS ALLOWED TO POSSESS ALL PERSONAL AND LEGAL PROPERTY.

6.

10. SOMETIME AROUND, 8:35 p.m. WHILE THE PLAINTIFF WAS IN THE SHOWER OF HIS ASSIGNED DORM, "LENA DORMITORY", WHEN THE **DEFENDANT SGT. ESTHER** ENTERED, YELLING AND CAUSING A DISTURBANCE IN THE DORMITORY OF WING FOUR, LOUD AND BELLIGERENT TONE, TARGETING BLACK INMATES.

11. THE PLAINTIFF EXITING THE SHOWER AND RETURNING TO HIS CELL TO GET DRESS, HE NOTICED **DEFENDANT, ESTHER**, ORDERING FIVE BLACK INMATES FROM THE WING, INTO THE SALLYPORT, WHERE, SHE AND OTHER WHITE MALE OFFICERS COMMENCED TO BEATING, ABUSING, AND ASSUALTING THEM.

12. AT ALL TIMES, THE PLAINTIFF WAS SETING AT A DAYROOM TABLE WITH HIS LEGAL DOCUMENTS, TRIAL TRANSCRIPTS, DISCOVERY, AND OTHER LEGAL MATERIALS.

13. WATCHING THIS IN TOTAL SHOCK, A DISGUSTING ACT OF UNCONTROLLED BARBARITY ANIMLISTIC AND ATIANISTIC, RACIST BEATING WITH IMPUNITY DEVIANT BEHAVIOR, OF INMATES BY UNIFORMED THUGS.

14. AS THIS BEATING WAS TAKING PLACE BEFORE THE EYES OF (50) OR MORE INMATES LOCKED IN THE UNIT, ABOUT (30) MORE OFFICERS ENTERED THE SALLYPORT AND JOINED THE BEATING; AS THE INMATES IN THE WING, PLEADED AND YELLED FOR BEATING TO STOP, TO NO AVAIL.

15. THE PLAINTIFF WAS ORDERED ALONG WITH ALL OTHER INMATES TO "LOCK IT DOWN." THE PLAINTIFF AND ALL OTHER INMATES DID AS ORDERED, AND COMPLIED; ALL RETURNING TO THEIR CELLS.

16. THROUGH OUT THE NIGHT, AT DEFENDANT ESTHER'S ORDER, BLACK INMATES WAS TARGETED, PICKED OUT, AND BEAT AND PLACED IN CONFINEMENT.

17. THE FOLLOWING MORNING, JUNE 10, 2012, STILL IN LOCK DOWN STATUS, THE DEFENDANTS, L. BROCK, AND L. ESTHER, WITH (THREE) MALE OFFICERS, ENTERED THE WING AND ORDERED PLAINTIFF TO "GET HIS BLACK ASS UP AND PACK HIS PROPERTY", AND "PLACE IT BY THE CELL DOOR, HE WAS LEAVING." IN FEAR, AND NOT KNOWING WHAT WAS GOING ON, HE COMPLIED.

18. THE PLAINTIFF'S CELL #L410 WAS OPENED, HE WAS PLACED IN HANDCUFFS BEHIND THE BACK, "BLACK BOX", AND LEG IRONS. THE DEFENDANT BROCK AND ESTHER INSTRUCTED THE OTHER OFFICERS TO, "TRASH THE PROPERTY. THIS ONE HERE INMATE PORTER IS A WRIT WRITTER, WE HAVE SOMETHING SPECIAL FOR HIM."

19. THE DEFENDANTS, BROCK AND ESTHER THEN PROCEEDED TO PICK TEN OTHER BLACK INMATES, WHO WAS TREATED THE SAME, AND ALL THEIR PERSONAL AND LEGAL PROPERTY WAS THROWED OVER THE TOP FLOOR TO THE GROUND FLOOR, SABOTAGED AND KICKED ABOUT BY DEFENDANTS BROCK, AND

8.

ESTHER ALONE WITH OTHER OFFICERS, AND MIXED TOGOTHER WITH THAT OF OTHER INMATES.

20. PICTURES OF FAMILY, LOVED ONES, RADIOS, CLOTHES, PERSONAL GAMES, HYGEINE SUPPLIES, LEGAL PROPERTY, TRANSCRIPTS, DISCOVERY, AND OTHER LEGAL AND PERSONAL PROPERTY OF INMATES WAS ALL LITTLED ABOUT THE FLOOR OF THE WING, PLACED IN A CART TOGOTHER, AND REMOVED IN THE RAIN FROM THE DORM BY DEFENDANTS.

21. THE DEFENDANTS, SGT. BROCK, SUPERVISOR OF THE PROPERTY, TRANSPORT AND RECEIVING AND ESTHER, SUPERVISOR OF LIMA DORM, CALLED THE PLAINTIFF AND OTHERS UP ONE AT A TIME, WHILE HANDCUFFED AND RESTRAIND BEHIND THE BACK, THE DEFENDANTS ADVISED PLAINTIFF TO SIGN A FORM FOR WHICH HE COULD NOT READ FROM THE POSITION OF HAVING TO SIGN WITH HIS TURNED.

22. THE PLAINTIFF OBJECTED TO SIGNING THE FORM WITHOUT BEING ABLE TO HAVE HIS PROPERTY "INVENTORIED IN HIS PRESENCE," AND OR FIRST SEEING HIS PROPERTY GIVING THE DEFENDANTS ACTIONS OF SABOTAGING IT.

23. WHEN PLAINTIFF ASKED DEFENDANTS WHAT WAS HE SIGNING? THE DEFENDANTS RESPONDED, "YOUR PROPERTY IS OUTSIDE, JUST SIGN THE DAMN FORM AND CLOSE YOUR MOUTH INMATE."

9.

24. THE DEFENDANTS ESTHER AND BROCK ADVISED THE TWO DEFENDANTS, MERRIT, AND BECK, WHO HAD ARRIVED FROM WALTON CORRECTIONAL INSTITUTION (WCI), "SHE HAD ALREADY SPOKEN WITH DEFENDANT CAPT. HARPER" (AT WCI) AND "HE KNOWS WHAT TO DO WITH THESE BOYS SHIT, WHATS LEFT OF IT."

25. THE DEFENDANTS MERRIT AND BECK TRANSPORTED THE PLAINTIFF AND NINE OTHER INMATES (BLACK) FROM SRCI TO (WCI) WHEN THE PROPERTY, "WHAT WAS LEFT OF IT," WAS FOLLOWING IN ANOTHER VAN.

26. THE PLAINTIFF ARRIVED AT WALTON C.I., WHERE HE AND OTHER BLACK INMATES WERE, DEGRADED, DISRESPECTED, CALLED RACIST NAMES, TREATED UNHUMAN AND MADE TO "FACE THE GROUND," BY DEFENDANTS, HARPER, BECK, AND MERRIT, WHO IS ALL ASSIGNED TO WCI.

27. THE DEFENDANT, CAPTAIN HARPER, MADE THE FOLLOWING RACIST STATEMENTS TO PLAINTIFF AND OTHERS: "WE ARE BEHIND ON TIME HERE AT WALTON C.I. BY 30 YEARS," "YOU BOYS ARE IN FOR A RIDE."..

28. THE PLAINTIFF ATTEMPTED TO ADVISED DEFENDANT HARPER ABOUT THEIR PROPERTY, AND WAS TOLD "CLOSE HIS PIE HOLE." DEFENDANT HARPER THEN ORDERED MERRIT AND BECK TO FORCEFULLY REMOVE THE PLAINTIFFS GLASSIES, THAT WAS

CLEARLY, MEDICALLY ISSUED, AND NEED. THE PLAINTIFF WAS LEFT UNABLE TO SEE CLEARLY, WHILE DEFENDANTS SMILED. AND DEEMED HIS GLASSES "CONTRABAND."

29. THE DEPARTMENT HAS A POLICY AND PROCEDURE THAT MANDATES ALL INMATE PROPERTY, ("WILL" "SHALL," AND "MUST") BE INVENTORIED BY DEFENDANTS IN THE PRESENCE OF THE PLAINTIFF; A PROPERTY SLIP PROVIDED AND SIGNED BY THE OFFICER, AND THE INMATE ONE, IN THE PRESENCE OF THE OTHER. ANY MISSING PROPERTY MUST BE NOTED BY THE OFFICER. THIS DUTY IS CHARGED TO BOTH, THE SENDING INSTITUTION (DEFENDANTS, BROCK AND ESTHER). AND THE RECEIVING INSTITUTION, (DEFENDANTS, BECK, HARPER, AND DAUGHTRY).

30. THE DEFENDANT HARPER ASSIGNED THE DUTY TO DEFENDANTS BECK AND MERRITT, TO RECEIVE THE PLAINTIFF AND HIS PROPERTY AND PROCESS THE SAME.

31. AT THIS POINT, IT BECAME CLEAR THE DEFENDANTS BECK OR MERRITT WAS NOT GOING TO INVENTORY AND RETURN TO THE PLAINTIFF ALL PROPERTY HE WAS ALLOW TO RETAINE BY POLICY. THE PLAINTIFF ADVISED THE DEFENDANTS, HARPER, BECK, AND MERRITT, THAT DEFENDANTS BROCK AND ESTHER HAD NOT INVENTORIED THE PROPERTY, BUT RATHER SABOTAGED AND MIXED IT TOGOTHER WITH THAT OF OTHER INMATES. THE DEFENDANT HARPER ADVISED, "I KNOW, GOOD FOR HER, SHE HAS NOT DONE AS GOOD A JOB AS WE GOING DO"...

11.

32. AFTER THE DEFENDANTS DAUGHTRY THE PROPERTY SUPERVISOR OF WCI, REFUSED TO COME IN AND INVENTORY SAID PROPERTY. AND DEFENDANT HARDER AS CAPTAIN FAILED TO ENFORCE MERRITT AND BECK DO SO WHILE HE SUPERVISE, THE PROPERTY "WHAT WAS LEFT OF IT" WAS LEFT SETING ON THE FLOOR ACCESSABLE TO ALL OTHER INMATES.

33. THE DEFENDANTS MADE THE PLAINTIFF STRIP IN A DEGRADING MANNER. DEFENDANTS THEN ADVISED PLAINTIFF WHILE HE WAS FULLY UNCLOTHED, "GET ON YOUR KNEES BOY."

34. THE DEFENDANT HARDER, LATER ADVISED PLAINTIFF, "I GOT THE CALL FROM SGT. BROCK THAT YOU A WRIT WRITTER PORTER." "YOU WILL NOT BE GETING A PROPERTY SLIP FOR THEM EYE GLASSES" AND "YOUR OTHER PROPERTY WILL BE SLAYED."

35. THE PLAINTIFF WAS PLACED IN CONFINEMENT WITHOUT NOTICE OR HEARING, AND WITHOUT ANY PROPERTY.

36. ON JUNE 13, 2014, AT OR ABOUT 21:30, IT WAS AT THIS POINT THE PLAINTIFF LEARNED, THE DEFENDANT, SGT. LEIGH A. ESTHER, HAD WROTE A FALSE CHARGE OF INCITING RIOTS ON JUNE 9, 2014 AT, 21:35. IT WAS LATER REVELED, THIS DEFENDANT HAD WROTE APPROXIMATELY (40) OF THESE FALSE CHARGES ON ALL BLACK INMATES.

37. DURING THE INVESTIGATION OF THE FALSE CHARGE, THE OFFICER ADVISED, DEFENDANT ESTHER STATED: "THIS IS BECAUSE PORTER IS A WRIT WRITER, WHO WAS ASSISTING ONE OF THE INMATES" WHO THEY HAD BEAT AT (SRCI). ( ASSISTING HIM WITH LEGAL WORK). IT IS NOTED, DEFENDANT ESTHER AND BROCK, (WHO ARE LOVERS IN A GAY RELATIONSHIP), DID STATE "PORTER, NIGGER YOU WANT BE HELPING HIM WRIT WRITE, NOW YOU GOING TO NEED HELP."

38. ON JUNE 15, 2012, THE PLAINTIFF STILL WITHOUT HAS PROPERTY, WROTE A REQUEST FORM TO DEFENDANT DAUGHTRY, WCI, PROPERTY ROOM SERGEANT. THE PLAINTIFF ADVISED, HE HAD A DEADLINE IN HIS CRIMINAL CASE, AND DEMANDED ALL HIS PROPERTY.

39. ON JUNE 20, 2012, AFTER THE DEFENDANT DAUGHTRY FAILED TO RESPONSED, PLAINTIFF SUBMITTED (ONE) REQUEST FORM AND TWO INFORMAL GRIEVANCES, COMPLAINING OF THIS DEFENDANT ACTIONS AND/OR INACTIONS.

40. ON THE SAME DATE, (JUNE 20, 2012), THE DEFENDANT DAUGHTRY ENTERED THE DORM WITH SOME PROPERTY, CLEARLY, SOMETHING WAS AMISS FOR THE SMALL AMOUNT OF PROPERTY. THERE WAS NINE OTHER INMATES WHO WAS WITH THE PLAINTIFF, AND THE SMALL AMOUNT OF PROPERTY WAS LESS THEN WHAT PLAINTIFF HAD ALONE. DEFENDANT DAUGHTRY REFUSED TO PASS OUT THE PROPERTY HERSELF, RATHER, SHE HAD TWO OFFICERS DO SO.

41. UPON THE TWO OFFICERS PASSING OUT SAID PROPERTY, THE PLAINTIFF WAS GIVEN AN "INMATE PARTIAL PROPERTY RETURN RECIEPT" (DC6-225) FORM TO SIGN, TO WHICH HE REFUSED TO SIGN IT. PLAINTIFF NOTICED, THE FORM LISTED: "HOLY BIBLE," "ADDRESS BOOK," "SOAP," (31) PHOTO'S," AND "LEGAL DOCUMENTS." HE REFUSED TO SIGN THIS FORM AS THIS WAS NOT HIS PROPERTY, AND THE "LEGAL DOCUMENTS" BELONGED TO A INMATE "H. SMITH."

42. THE PLAINTIFF ADVISED THE DEFENDANT DAUGHTRY OF THIS AND ADVISED, "THAT'S NOT HER PROBLEM, AND TO THINK ABOUT THAT BEFORE PLAYING TWO-BY-FOUR, JAIL-HOUSE LAWYER."

43. ON THIS SAME DATE, JUNE 20, 2012, THE PLAINTIFF SUBMITTED AN INFORMAL GRIEVANCE/CLAIM FOR THE LOST PROPERTY, DEMANDING THE RETURN, OR THE SUM OF, $2,425.00, FOR THE TRASHED AND OR SABOTAGED PROPERTY. (THIS WAS A MESS TOTAL OF LOST, CORRECTED BELOW).

44. <u>DETAILED LIST, AND COSTS OF LOST OR SABOTAGED PROPERTY:</u>

(A). <u>ALL TRIAL AND PRETRIAL TRANSCRIPTS, TOTAL OF 2,000. PAGES AT A $1.00 PAGE, TOTALING: $2,000.00 IN THE HILLSBOROUGH COUNTY, CASE NO: 2010-CF-012180. (EIGHT VOLUMES).</u>

(B). <u>A LAW BOOK, PRISONERS SELF-HELP MANUAL, $15.00</u>

(C). <u>A PAIR OF PERSONAL MEDICAL EYE GLASSES, NACUTIA, $210.00</u>

14.

(D). TRIAL RECORDS, DISCOVERY, MOTIONS, ORDER, APPELLATE RECORDS. AND OTHER RECORDS. (CAN NOT MAKE A GOOD FAITH COST).

(E). (40) PERSONAL FAMILY PICTURES, SISTERS, BROTHER, AUNTS. CUSINS, LITTLE GIRL, GRANDMOTHER (DECESED) MOTHER DECESED. TOTAL $400.00. PICTURES OF DECESED IS SENTRILMENTAL VALUE, CAN NOT BE REPLACED.

(F). All PERSONAL AND LEGAL MAIL FROM, 2010 - 2012, A TOTAL OF 225 LETTERS, SOME OF DECESED FAMILY MEMBER, SENTRILMENTAL VAULE, TOTAL $400.00

45. THE DEFENDANT DAUGHTRY, ON July 10, 2012, DENIED THE CLAIM AND GRIEVANCE WITHOUT ANY INVESTIGATION IN TO THE MATTER AITHER SHE WAS OF NOTICE SHE SENT PLAINTIFF SOMEONE ELES PROPERTY.

46. THE PLAINTIFF FILED A FORMAL APPEAL TO DEFENDANT J. HUGENS ON, July 18, 2012, WHO IS THE WARDEN OF (CJCI). WITHOUT ANY SUCH INVESTIGATION, MERELY ADOPTED THE DENIAL OF DEFENDANT DAUGHTRY.

47. WHILE THE DEPARTMENT HAS A POLICY AND PROCEDURE, UNDER CHP. 33-102.006 (1)(A), IN INSTITUTIONAL APPEAL SHALL BE DIRECTED TO THE WARDEN OR ASSISTANT WARDEN OR DEPUTY WARDEN. SECTION (5) A-C, PROVIDEDS, (A) THE GRIEVANCE AND RELATED ATTACHMENTS SHALL BE EXAMINED FOR COMPLIANCE, (B) A RECEIPT PROVIDED TO THE PLAINTIFF, (C) A SUBJECT MATTER OF THE GRIEVANCE, SHALL BE INDICATED

15.

ON THE RECEIPT ACCORDING TO THE CLASSIFICATION OF GRIEVANCE.

48. THIS DEFENDANT, HUGGINS, OWED PLAINTIFF A DUTY UNDER SECTION (6), TO APPROVE THE GRIEVANCE AND CONDUCT AN INVESTIGATE AND EVALUATION AS THE REVIEWING AUTHORITY, AND A RESPONSE SHALL BE PROVIDED TO THE PLAINTIFF WITHIN (30) CALENDAR DAYS OF THE RECEIPT OF THE GRIEVANCE. THE DEGREE OF INVESTIGATION IS DETERMINED BY THE COMPLEXITY OF THE ISSUE AND CONTENTS OF GRIEVANCE.

49. THE DEFENDANT HUGGINS DID NOT INVESTIGATE "THIS LOSS, HE MERELY, ADOPTED THE INADEQUATE RESPONSE FROM DEFENDANT DAUGHTRY, BY STATING: "THE RESPONSE TO THE INFORMAL GRIEVANCE ADEQUATELY ADDRESSES YOUR COMPLAINT... GRIEVANCE DENIED." DATED, JULY 18, 2012, ALTHOUGH, THE GRIEVANCE WAS NOT "RECEIVED" BY DEFENDANT UNTIL THE 17TH, JUST ONE DAY OF HIM RECEIVING IT.

50. DEFENDANT HUGGINS ALSO OWED PLAINTIFF TO UPON THE ORIGINAL AND ONE COPY BEING RETURNED TO THE PLAINTIFF, TO PROVIDE HIM WITH A REQUEST FOR INTERVIEW FORM. CH. 33-103.006 (6)(A). THIS WAS NOT DONE, AND PROCEDUR NUMBER 602.047, WAS NOT FOLLOWED.

51. THE DEFENDANT HUGGINS, AS THE WARDEN, ASSISTANT WARDEN OR OTHER DESIGNEE OF THE WARDEN, OWED PLAINTIFF A DUTY UNDER CHP. 33-602.201 (4)(A-E). INMATES MISSING PROPERTY.

16.

52. Any request for compensation or replacement of missing items of property is to be initiated via the inmate grievance process by the inmate whose property is missing. 33-601201 (4)(a). The plaintiff complied with Defendants procedure in full. While Defendant also did not follow the duties owed under section (4)(B), in that, he shall conduct an investigation of the loss. Defendant was to then, complete the investigation and forward it within 30 days Section (4) (B), to the Dept. of corrections Environmental health, safety and risk management office...(4) (C), who then fowards the claim to the Department of Financial Services Division of Risk management. (4) (D)

53. These procedures was totally ingnored, had it been followed, the last steps under section (E)(1-2) would have followed and in the event the Dept. of Financial service, decided to pay any or all of the plaintiff's claim. (1) the Dept. of corrections Bureau of Finance and Accounting, Inmate Banking section, would receive a check for deposit. This was not followed. Yet, the complaint and claim was denied.

54. The plaintiff on July 22, 2012, took his last step, and filed an appeal to the office of the Secretary of FLDOC, Defendant Tucker (former secretary) and Crews (current secretary).

17.

55. WITHOUT ANY INVESTIGATING, THE DEFENDANTS ADOPTED THE RESPONSE PROVIDED BY THE INSTITUTION. IN WHICH THE DEFENDANTS TUCKER, AND CREWS, THROUGH "C. GREENE," PROVIDED: "YOUR ADMINISTRATIVE APPEAL HAS BEEN REVIEWED AND EVALUATED. THE THE RESPONSE THAT YOU RECEIVED AT THE INSTITUTIONAL LEVEL HAS BEEN REVIEWED AND IS FOUND TO APPROPRIATELY ADDRESS THE CONCERNS THAT YOU RAISED AT THE INSTITUTIONAL LEVEL AS WELL AS THE CENTRAL OFFICE LEVEL. CONTACT WITH SANTA ROSA CI INDICATED THAT ALL YOUR PROPERTY WAS INVENTORIED AND PACKED, THEN SENT TO WALTON CI. YOU SIGNED AVOWING YOU RECEIVED IT. THERE IS NO PROPERTY STORED AT SANTA ROSE. YOUR ADMINISTRATIVE APPEAL IS DENIED. DATED: AUGUST 13, 2012. Id.

56. THE DEFENDANTS, TUCKER, AND CREWS. ACTIONS AND OR INACTIONS AS SECRETARY OF (FLDOC), WHILE KNOWINGLY SUPPORTING DEFENDANTS' BECK, MERRITT, BROCK, ESTHER, AND HARPER, AND HUDGINS ACTIONS BASED ON FALSE, ERRONIOUS AND RETALIATORY INFORMATION CONTAINED IN THEIR RESPONSES TO GRIEVANCES AND REQUESTS. WAS A DIRECT VIOLATION OF POLICY. NEGLIGENCE AND DELIBERATELY INDIFFRENT TO PLAINTIFF AND HIS PROPERTY.

57. AS DEMONSTRATED ABOVE, THESE DEFENDANTS WILLFULY FAILED IN THEIR DUTIES OWED TO PLAINTIFF, BY THEIR INTENTIONAL CIRCUMVENTING OF SAID POLICES AND THUS, HAVING STEPED OUTSIDE THE SCOPES OF THEIR EMPLOYEMENT, MALICIOUSLY TO CAUSE HARM RETALIATION, AND PROFILE THE PLAINTIFF. DEFENDANTS DID NOT INVENTORY PROPERTY, AND HAVE NO PROOF OF SUCH. BROCK AND ESTHERS' ACTIONS WAS TO SUPRESS THEIR ACTIONS, AND TO ATTEMPT TO PROTECT SELF, AND NOT BRING ATTENTION TO

MISSING PROPERTY, WOULD CAUSE HER ATTENTION.

CH-33-602.201 (7)(B)(1) AND (2) PROVIDES:

(1) "THE INVENTORY SHALL SPECIFICALLY LIST AND IDENTIFY EACH ITEM OR EACH GROUP OR PACKAGE OF PERSONAL PROPERTY ITEMS SUCH AS LETTERS, LEGAL PAPERS, ECT, AS AN ASSORTMENT ON FORM DC6-220." (2) THE INVENTORY AND AND SIGNED BY THE INMATE, EACH IN THE PRESENCE OF THE OTHER, UNLESS DOING SO WOULD BE A DANGER OR A THREAT TO SECURITY, OR UNLESS THE INMATE IS UNAVAILABLE".

THIS WAS NOT COMPLIED WITH BY THIS DEFENDANT, AS IF IT WAS, THERE WOULD BY ALL MEANS, BE A FORM, CITING ALL ITEMS PLAINTIFF HAD BEFORE HE LEFT SANTA ROSA C.I. PLAINTIFF SUBMITS, THIS DEFENDANT INSTRUCTED THE OTHER OFFICERS TO TRASH THE PROPERTY, KICK AND THROW IT AROUND THE FLOOR, BEFORE MIXING IT TOGOTHER WITH NINE (9) OTHER BLACK INMATES PROPERTY. DEFENDANT BROCK, ADVISED, "SHE CONTACTED DEFENDANT HARPER AT WALTON, CI, AND HE KNOWS WHAT TO DO WITH THESE BOYS SHIT, WHATS LEFT OF IT."

IT IS CLEAR WHAT HAPPEN TO THE PROPERTY. DEFENDANT BROCK'S ACTIONS AND OF INACTIONS WAS ATROCIOUSLY IN RECKLESSLY DISREGARDS OF THE PLAINTIFF'S PROPERTY, SHE INTENTIONALLY ACTED INDIFFERENT TO PLAINTIFF AND HIS PROPERTY, ALL IN THE NAME OF, RETALIATION, AND RACIAL DISCRIMINATION, BASED ON THE FACT A FELLOW OFFICER HAD JUST BEEN ALLEGEDLY ASSUALTED, (TO WHICH ON WAS HER GAY LOVER SGT. ESTHER) BY TWO OTHER BLACK INMATES, OF TO WHO PLAINTIFF WAS ASSISTING IN A LEGAL MATTER. THIS IS SUPPORTED BY THE FACT DEFENDANT STATED, "NIGGER, YOU WANT TO BE HELPING HIM, NOW YOU GOING TO NEED THE HELP". AT ONE OTHER POINT DEFENDANT TOLD OTHER OFFICERS, "INMATE PORTER IS A WRIT WRITER, WE GOT SOMETHING SPECIAL FOR HIM". THIS WAS A CLEAR VIOLATION OF PLAINTIFF'S ACCESS TO THE COURTS AND FREEDOM OF SPEECH, AND TO HIS PERSONAL PROPERTY, AS ALL WAS SABOTAGED, AND PROHIBITED HIM FROM PROCEEDING ON TIMELY POSTCONVICTION MATTERS, AS ALL LEGAL WORK WAS DESTOLYED OR LOST. HAD IT NOT BEEN FOR THIS

defendant's bad faith, and intentional actions, the procedures would have been followed, and plaintiff would not have suffered a fatal lost.

58. The defendants', J. Beck, S. Merritt, along with Capt. Happer, all as Walton, C.I officials. Both officers', Beck and Merritt was the two officers that was at Santa Rosa C.I. on June 10, 2012, and assisted defendant Block in her actions of sabotaging and destroying said property. It is also noted, and clearified, these are also, two of the "four white" officers that also assisted in lima dorm at Santa Rosa C.I. Plaintiff arrived at Walton C.I on, June 10, 2012, transported also by the two defendants Merritt, and Beck, who was both assigned the duties of, receiving and processing plaintiff and his property. This dute of the said, was not limited to, care country and control, and inventorying his property in his presence; and obtaining his signature on the forms. The defendant Capt. Happer, once the plaintiff arrived at Walton C.I, order the defendant's Beck and Merritt to remove plaintiff's eye glassies. Defendants, Merritt and Beck, recklessly and with premeditated maliciousness, removed the glassies forcefully from the plaintiff's face, and deemed them "contraband." The plaintiff was left blind, unable to see where he was going, bumping, and hiting items along the way. When advising, defendants he needed his glassies to see, and that they are not "contraband," defendant Happer responded, "face the ground boy they are whatever "we" say they are, we are behind on time here at Walton C.I by 30 years." Defendant Happer then advised the "inmate porter I know you a writ writter," "you will not be geting a slip for them glassies, and all your other property will be slayed" then defendants then degraded plaintiff by forcing him to "strip," and then stated, "get on your knees boy"..

## V. Argument of Point

59. The defendants are in violation of not just their own policy, but the laws of the land.

20.

CHP. 33-208.002 F.A.C. RULES OF CONDUCT PROVIDES:

"THE DEPARTMENT OF CORRECTIONS REQUIRES ALL EMPLOYEES TO FAMILIARE THEMSELF WITH ALL RULES AND REGULATIONS PERTAINING TO THEIR POSITIONS AND DUTIES AND REQUIRED THAT EMPLOYEES ABIDE BY THESE RULES AND REGULATIONS..."

CHP. 33-208.002 (12) PROVIDES:

"NO EMPLOYEE SHALL FALSIFY REPORTS OR RECORDS..."

CHP. 33-208.002 (16) PROVIDES:

"NO EMPLOYEE SHALL BE INSUBORDINATE, NEGLECTFUL, OR UNWILLING TO FOLLOW LAWFUL ORDERS OR PERFORM OFFICIANY DESIGNATED DUTIES."

CHP. 33-208.002 (18) PROVIDES:

"NO EMPLOYEE SHALL KNOWINGLY SUBMIT INACCURATE OR UNTRUTHFUL INFORMATION FOR OR ON ANY DEPARTMENT OF CORRECTIONS RECORDS, REPORT OR DOCUMENT."

CHP. 33-208.002 (24) PROVIDES:

(24). "Every employee has the Responsibility to protect and safeguard department of corrections property and the person and property of inmates and employees."

60. In *Bell v. Wolfish*, 44 U.S. 520, 99 S.CT. 1861, 60 L.Ed 2d 477 (1979). The Supreme Court identified four general principles relevant to prisoner challenges to the conditions of their confinement. First, "Convicted prisoners do not forfeit all constitutional protections by reason of their confinement and conviction." 441 U.S. at 545, 99 S.CT. at 1877... It is also noted, while "there must be mutual accommodation between institutional needs and objectives and the provisions of the constitution." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.CT 2963, 12974. 41 L.Ed 2d 935 (1974). "A policy of judicial restraint cannot encompass any failure to take cognizance of valid constitutional claims." *Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.CT 1800 1807, 40 L.Ed. 2d 22 (1974). Although the Supreme Court has never squarely confronted the issue, compare, *United States v. Edwards*, 415 U.S. 800, N.9 94 S.CT. 1234 1239 N.9 39 L.Ed. 2d. 771 (1974) with *Lanza v. New York*, 370 U.S. 139, 143, 82 S.CT. 1218, 1220, 8 L.Ed.2d 384 (1962). There is a substantial body of authority holding that convicted prisoners do retain limited privacy interests under the Fourth Amendment and the Fourteenth Amendment due process clause in connection with unreasonable searches and unjustified confiscations of personal property by prison officials. *See:*, e.g. *United States v. Lilly* 576 F.2d 1240, 1244 -47 (5TH. Cir. 1978); *United States v. Stumes*, 549 F.2d 831, 832 (8TH. Cir. 1997); *Bonner v. Coughlin*, 517 F.2d 1311, 1315-17 (7TH Cir. 1975); *Steinberg v. Taylor*, 500 Supp. 477, 479 -80 (D. Conn. 1980). Further, since some of the items confiscated was a legal book "prisoners rights manual," and 2000 pages of trial, pretrial, sentencing, and appellate records. The lost, theft, sabotaged, or damaged legal materials, that was seizured also implicates plaintiff's right to process, and to access to legal materials and the courts. *See:* *Bounds v. Smith*, 430 U.S. 817, 828-32,

22.

97 S.CT. 1491, 1498-1500 52 L.Ed.2d 72 (1977): AS WELL AS PLAINTIFF RIGHT TO ACCESS MATERIALS MERITING FIRST AMENDMENT PROTECTION. SEE: PELL V. PROCUNIER, 417 U.S. 817, PITTMAN V. HUTTS, 594 F.2d 407 SEE ALSO JONES V. NORTH CARLING PRISONERS' UNION, 433 U.S. 119. THE COURT NEED NOT DECIDE IN THIS CASE THE FULL EXTENT OF THE CONSTITUTIONAL PROTECTIONS AFFORDED CONVICTED PRISONERS AGAINST UNREASONABLE SEARCHES AND THAT OF CONFISCATIONS. THIS COURT SHOULD CONCLUDE, HOWEVER, THAT A PRISONER HAS PROTECTABLE PRIVANCY AND PROPERTY INTERESTS IN ITEMS OF PERSONAL AND LEGAL PROPERTY HE LEGITIMATELY POSSESSES, AND THAT THESE INTRESTS ARE INFRINGED WHEN PRISON OFFICIALS SEIZE, LOSE, MISTREATED OR SABOTAGE SUCH PROPERTY IN AN UNREASONABLE MANNER OR WITHOUT A LEGITIMATE JUSTIFICATION. THE BURDEN IS ON THE PRISON OFFICIALS TO ESTABLISH THE REASONABLENESS OF THE ACTION. SEE: E.G., UNITED STATES V. LILLY, 576 F.2d AT 1245, BONNER V. COUGHLIN, 517 F.2d. AT 1317.

61. THE PROCEDURES APPLICABLE TO THE, SENDING, RECEIVING, STORING, CONFISCATING, PACKING, OR INVENTORYING OF AN INMATES PERSONAL PROPERTY ARE SET OUT IN, CH. 33-602.201 FLA. ADM. CODE. AND PROCEDURE NUMBER 602.047 . THE SENDING INSTITUTION, DEFENDANT SGT. BROCK, AND THE RECEIVING INSTITUTION, DEFENDANTS, MERRITT, BECK, AND DAWSTREY, ALSO, HARPER, ALL INTENTIONALLY, FAILED TO COMPLY WITH THESE INSTITUTIONAL DIRECTIVES IN MORE THEN ONE IMPORTANT RESPECTS. FIRST, DEFENDANT BROCK DID NOT "INVENTORY" THE PROPERTY AT ALL, BEFORE SENDING IT TO WAITON C.I. IN FACT, SHE MERELY, AND IN BAD FAITH, STEPED OUTSIDE THE SCOPES OF HER EMPLOYMENT, FORCED THE PLAINTIFF TO "CLOSE HIS DAMN MOUTH INMATE AND SIGN THE FORM," WITHOUT ABLEING HIM TO READ OR SEE WHAT HE WAS FORCED TO SIGN. ONCE PLAINTIFF ATTEMPTED TO OBJECT AND ASK WHERE WAS HIS PROPERTY, AND WHAT WAS HE SIGNING, DEFENDANT RESPONDED: "OUTSIDE CLOSE YOUR MOUTH AND SIGN THE DAMN FORM INMATE." DEFENDANT BROCK FURTHER ADVISED OTHER OFFICERS AND DEFENDANTS, MERRITT AND BECK, "INMATE PORTER IS A WRIT WRITTER

23.

TRASH HIS PROPERTY, WE GOT SOMETHING SPECIAL FOR HIM." THE SAID PROPERTY WAS KICKED AROUND THE FLOOR BY DEFENDANTS, AND SABOTAGED. SGT. BROCK CALLED AHEAD OF MERRITT AND BECK, AND ADVISED THE DEFENDANT HOPPER, "WHAT TO DO WITH THESE BOYS SHIT." THE FORM THAT PLAINTIFF WAS MADE TO SIGN, WAS NOT THE MANDATED FORM, DID NOT IDENTIFY ANY OF THE ITEMS OF PROPERTY PLAINTIFF POSSESSED. THE ITEMS ARE TO BE LISTED BY TITLE", AND THE RULE REQUIRES THAT ALL ITEMS BE "INVENTORIED," IN THE PRESENCE OF THE INMATE". THE APPARENT PURPOSES BEHIND SUCH A REQUIREMENT INCLUDES REDUCING THE NUMBER OF INSTANCES WHERE NON-CONTRABAND IS SIZED, AND ENABLING BOTH PRISON OFFICIALS AND INMATES TO IDENTIFY LATER PROPERTY THAT HAS BEEN CONFISCATED DURING A CELL SEARCH, OR REMOVAL, OR TRANSFER.

62. SECOND, DEFENDANTS DID NOT COMPLETE A CONFISCATION REPORT, AS REQUIRED BY THEIR OWN RULES, AND IN ACCORD WITH DUE PROCESS. THE APPARENT PURPOSE BEHIND THIS RULE IS TO ENSURE THE ACCURACY OF THE CLAIM OF CONTRABAND, AND TO AFFORD THE PLAINTIFF A CHANCE TO APPEAL THE ACTION.

24.

63. BASED ON THE MANY FACTS AND EVIDENCE, THAT WILL BE PRESENTED AT TRIAL, IT CAN BE LEGALLY CONCLUDED THAT ALL DEFENDANTS ACTIONS AND THEIR INACTIONS, IN SABOTAGING, CONFISCATING, DAMAGING OF THE PLAINTIFF'S PERSONAL AND LEGAL PROPERTY WERE UNREASONABLE AND WITHOUT JUSTIFICATION. LIKEWISE, THE TREATMENT, DEGRADATION, RETALIATION, AND RACIAL DISCRIMINATION OF PLAINTIFF WAS UNREASONABLE, AND IN BAD FAITH WITH MALICIOUS PURPOSE, AND IN MANNER EXHIBITING WANTON AND WILLFUL DISREGARD OF HUMAN RIGHTS, SAFETY, AND PROPERTY. A CORRECTIONAL OFFICER, DEFENDANTS ARE CHARGEABLE WITH KNOWLEDGE OF BOTH, THE PRISON'S REGULATIONS AND WELL SETTLED CONSTITUTIONAL PRINCIPLES. NEVERTHELESS, DEFENDANTS CAN OFFER NO REASONABLE EXPLANATION FOR THEIR ACTIONS, INACTIONS AND FAILURE TO FOLLOW PRISON RULES OR THE WHOLESALE LOST OF PLAINTIFF'S LIGITIMATELY POSSESSED PROPERTY. ACCORDINGLY, DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS UNDER THE FIRST, FOURTH, FOURTEENTH, AND EIGHT AMENDMENTS AND IS PERSONALLY LIABBLE FOR ANY DAMAGES FLOWING THEREFROM. SEE: O'CONNER, 510 F.SUPP. 1359 (S.D. N.D. 1981)

64. CONDICTIONS IMPLICATING EIGHT AMENDMENT RIGHTS ARE TO BE EXAMINED IN CONNECTION WITH "THE EVOLVING STANDARDS OF DECENCY THAT MARK THE PROGRESS OF A MATURING SOCIETY". TROP V. DULLES, 356 U.S 86, 101, 78 S.CT 590, 598 2 L.ED.2d 630 (1958). DEFENDANT HAS AND CAN NOT, IN GOOD FAITH OFFER ANY REASONABLE EXPLANATION AS TO WHY PLAINTIFF WAS DENIED THESE RIGHTS OF BASIC HUMAN COFORTS, AND LEGAL PROPERTY. IN ANY EVENT, IT IS APPARENT THAT THE CUMULATIVE EFFECT OF THE LOST AND PHYSICAL AND OF MENTAL ASPECTS OF PLAINTIFF'S CONFINEMENT IN SAID CONDICTIONS, AND TREATMENT COME PERILOUSLY CLOSE TO AMOUNTING TO CRUEL AND UNUSAL PUNISHMENT. SEE: KIRBY V. BLACKLEDGE, 530 F.2d AT 586-87.' MCCRAY V. BURRELL, 516 F.2d AT 369 N.Y. MOREOVER, WHEN THESE PHYSICAL CONIDICTIONS ARE CONSIDERED IN CONJUNCTION WITH A CERTAIN ADMINISTRATIVE DEFICENCIES IT IS CLEAR THAT THE CONSTITUTIONAL LINES HAS BEEN CROSSED.

25.

65. THE PLAINTIFF HAS, IN COMPLIANCE WITH SUBSECTION OF THE STATUTE, § 768.28 (7) AND FLA. R. CIV. PROC. 1.120 (C), HAS FILED NOTICE OF INTENT TO SUE AND CLAIM, WITH THE DEPARTMENT OF CORRECTIONAL HEAD, THE SECRETARY, (FLOOR), AND THE FLORIDA DEPT. OF FINANCIAL SERVICE, AND RISK MANAGEMENT, ON AUGUST 06, 2012, JUNE 20, 2012, MAY 10TH 2013, AND, JULY 22, 2012. THE DEPARTMENT HEAD, NOR (DFS) RESPONDED. THE PLAINTIFF ALSO HAS MADE AN FINAL ATTEMPT ON JULY 20, 2014. THE FAILURE TO RESPOND OR DENY THE CLAIMS IN WRITING HAS BEEN TAKEN AS A FINAL DENIAL.

66. FUTHERMORE, IN ANY EVENT, DEFENDANTS HAS WAIVED THE PRE CONDICTION REQUIREMENT UNDER, F.A.C. 33-601.201 (14) (A-E) OF THEIR OWN POLICY, AND IS JUDICIALY ESTOPPLED FROM MAKING THIS CLAIM.

PLAINTIFF REALLEGE AND INCORPORATE PARAG. 1-66
-THIS ACTION FOLLOWS-

## VI. CLAIMS FOR RELIEF

67. THE DEFENDANTS, BROCK, ESTHER, BECK, MERRITT, AND DAUGHTRY, All ACTING TOGOTHER WITH A PREMEDITATION OF MALICIOUSNESS, UNDER THE COLOR OF STATE LAW, DID INTENTIONALLY, IN BAD FAITH WITH MALICOUS PURPOSE, WANTON AND WILLFUL DISREGARD OF PLAINTIFFS HUMAN RIGHTS, SAFTY AND PROPERTY, FAILED TO FOLLOW POLICY AND PROCEDURES AlREADY ESTABLISHED.

26.

TO WIT, NOT INVENTORY SAID PROPERTY, AND FAILING TO FOLLOW THE CODE OF CONDUCT. IN VIOLATION OF STATE TORT LAW OF NEGLIGENCE IN PERFORMANCE OF DUTIES OWED TO PLAINTIFF.

B. THE DEFENDANTS, BROCK, ESTHER, BECK, MERRITT, AND DAUGHTRY, AND HARDER. ALL ACTING TOGETHER WITH A PREMEDITATED MALICIOUSNESS. UNDER THE COLOR OF STATE LAW, DID INTENTIONALLY, IN BAD FAITH WITH MALICOUS PURPOSE, WANTON AND WILLFULY IN DISREGARD OF PLAINTIFFS' HUMAN RIGHTS, PROPERTY, DID CAUSE AN ACT TAKING, DETAINING, OR INJURING PLAINTIFF'S PERSONAL PROPERTY, BY TROVER, DETINUE, CONVERSION, INVERSE CONDEMANATION. VIOLATING FLORIDA TORT LAW.

C. THE DEFENDANTS, HARDER, ESTHER, AND BROCK, ACTING TOGOTHER UNDER THE COLOR OF STATE LAW WITH PREMEDITATED MALICIOUSNESS, DID RACIALY PROFILE THE PLAINTIFF AND RETALIATE ON HIM BASED ON RACE, AND HIM BEING A ''WRIT WRITTER.'' IN VIOLATION OF STATE LAW AND THE 14TH AND 1ST AMENDMENT TO THE U.S. CONSTITUTION.

D. THE DEFENDANTS, CREWS, TUCKER, HUDGING, HARDER, BROCK, ESTHER, DAUGHTRY, BECK, AND MERRITT, ALL ACTING UNDER THE COLOR OF STATE LAW, DID VILOATE, AND DENIED PLAINTIFFS' RIGHT TO ADEQUATE, EFFECTIVE AND MEANINGFUL ACCESS TO THE COURTS FOR THE, DETAINING, INJURING, DETINUE, AND CONVERSION, OF HIS LEGAL DOCUMENTS. IN VIOLATION OF THE 1ST AND 14TH AMENDMENT TO THE U.S. CONSTITUTION.

E. THE DEFENDANTS, TUCKER, CREWS, AND HUDGINS, ACTING UNDER THE COLOR OF STATE LAW, DID COMMIT THE ACT OF NEGLIGENCE, DELIBERATELY INDIFFERENT TO THE PLAINTIFF, AND THE LOST, THEFT, DETAINING, INJURING, TROVER, CONVERSION, AND OR INVERESE CONDEMNTION OF HIS PERSONAL AND LEGAL PROPERTY, AT THE HANDS OF ITS STAFF, AND UNDER ITS CONTROL AND DID FAILED TO INVESTIGATE COMPLAINTS OR CLAIMS OF LOST SUBMITED TO THEM. IN VIOLATION OF THE 14TH AMENDMENT TO THE FLORIDA CONSTITUTION, AND THE U.S. CONSTITUTION.

F. THE DEFENDANT, ESTHER, WITH A PREMEDITATED MALICIOUNESS, ACTING UNDER COLOR OF STATE LAW, DID INTENTIONALLY, IN BAD FAITH WITH MALICOUS PURPOSE, WANTON AND WILLFUL DISREGARD OF PLAINTIFF'S HUMAN RIGHTS, SAFTY AND PROPERTY. CAUSED PLAINTIFF TO BE SUBJECT TO MALICIOUS PROSECUTION, AND INTENTIONAL, FALSE IMPRISONMENT TO THE CLOSE MANAGEMENT UNIT OF THE DEPARTMENT CONFINED TO HIS ONE MAN CELL FOR 24-HOURS A DAY, FOR SIX MONTH, PLUS A TOTAL OF TWELVE ADDITIONAL MONTHS OF THIS ATYPICAL SIGNIFICANT HARDSHIP. DONE, OUT OF RACIAL MOTIVATION, AND RETIALATION. IN VIOLATION OF THE 1ST, 14TH, 5TH AND 8TH AMENDMENT TO THE U.S. CONSTITUTION. THUS, BY HER INTENTIONAL, FILING A FALSE AND MALICIOUS DESCIPINARY REPORT, CHARGING A FALSE CLAIM OF INCITING RIOTS.

## VII. DAMAGES AND RELIEF

67. PLAINTIFF HAS DEMONSTRATED AND ESTABLISHED VIOLATIONS OF HIS STATE AND CONSTITUTIONAL RIGHTS. THE COURT MUST CONSIDER THE ISSUE OF DAMAGES. SECTION § 1983 AND STATE LAWS COMPREHENDS THE PAYMENT OF COMPENSATORY DAMAGES FOR CONSTITUTIONAL AND STATE DEPRIVATIONS. CAREY V. PIPHUS, 435 U.S. 247, 254-57, 98 S.CT. 1042, 1047-48, 55 L.ed.2d 255(1978). SUCH DAMAGES MAY INCLUDE AMOUNTS FOR DEPRIVATIONS OF PROPERTY AND LIBERTY. SEE: JENKINS V. AVERETT, 424 F.3d 1228, 1233 (4TH CIR. 1970). IN ADDITION, PUNITIVE OR EXEMPLARY DAMAGES MAY BE AWARDED FOR PURPOSE OF DETERRING OR PUNISHING VIOLATIONS OF CONSTITUTIONAL RIGHTS. SEE: E.G. SHELLINGFORD V. HOLMES, 634 F.2d 263, 266 (5TH CIR. 1981) FACT CONCERTS, INC. V. CITY OF NEWPORT. 626 F.2d 1060, 1067 (2ST CIR. 1980). SUCH DAMAGES ARE AVAILABLE AS HERE, WHERE A DEFENDANTS CONDUCT WAS MALICIOUS, WANTON, OR IN RECKLESS DISREGARD OF A PLAINTIFFS RIGHTS. SEE, E.G. HAYWOOD V. BALL, 634 F.2d 740, 742 (4TH CIR. 1980): SEINER V. CORNIER. 529 F.2d 161, 163 (10TH CIR. 1976): PATON V. LAPRDA, 524 F.2d 862, 872 (3d. CIR. 1975): SEE ALSO: STENGEL V. BEICHER, 522 F.2d 438, 444 N.4 (6TH CIR. 1975). CORRECTIONAL STAFF UNLAWFULLY DETAINED OR DESTROYED LEGAL DOCUMENTS THAT BELONGED TO THE PLAINTIFF, NOT THE DEPARTMENT, "INJO MIAL DAMAGES WILL BE PRESUMED FROM AN ENCROACHMENT UPON AN ESTABLISHED RIGHT." ALLT VS. LONR, 538 So.2d 454, 456 (FLA. 1989)(CITING SPIEGEL VS EVERGREEN CEMETERY, CO. 117 N.J. L. 90 186 A. 585. 587 (1936) "WHILE THE FUNDAMENTAL LEGAL CONCEPT OF A TORT IS A WRONG WITH RESULTING DAMAGES. THE DAMAGE REQUISITE TO MAKE THE INJURY ACTIONABLE IS FREQUENTLY IMPLIED OR PRESUMED")). SEE ALSO, BROWN VS. MOORE, 765 So.2d 749 (FLA. 1ST DCA 2000).

68. MOST COURTS HAVE DECIDED THAT CONSTITUTIONAL VIOLATIONS, LIKE THE ONES HEREIN, ALL IN A DIFFERENT CATEGORY. FOR THAT REASON, PLAINTIFF IS ENTITLED TO COMPENSATORY DAMAGES EVEN IF HE HAVE "NO PHYSICAL INJURY". IN CANELL V. LIGHTNER, 143 F.3d 1210, 1213 (9TH. CIR. 1998). IN THAT CASE, THE NINTH CIRCUIT STATED THAT THE PLAINTIFF WAS "NOT ASSERTING A CLAIM FOR MENTAL OR EMOTIONAL

INJURY, BUT HE WAS ASSERTING A CLAIM FOR A VIOLATION OF HIS FIRST AMENDMENT RIGHTS. THE DEPRIVATION OF FIRST AMENDMENT RIGHTS, ENTITLES A PLAINTIFF TO JUDICIAL RELIEF WHOLLY ASIDE FROM ANY PHYSICAL INJURY HE CAN SHOW, OR ANY MENTAL OR EMOTIONAL INJURY HE MAY HAVE INCURRED. THEREFORE, § 1997 (E) [OF THE PLRA] DOES NOT APPLY TO FIRST AMENDMENT CLAIMS REGARDLESS OF THE FORM OF RELIEF SOUGHT". SEE ALSO: BARLOW V. SIGGERS - EL, 433 F.supp.2d 811 (E.D. MICH 2006) COCKROFT V. KIRKLAND, 518 F.supp.2d 767 (N.D CAL. 2008). A FIRST AMENDMENT VIOLATION DO NOT REQUIRE A ACTUAL PHYSICAL INJURY.

69. IT HAS BEEN DEMONSTRATED THAT PLAINTIFF IS ENTITLED TO A JUDGMENT AGAINST DEFENDANTS IN THE AMOUNT OF $ 3,025.00, AS COMPENSATION FOR THE UNCONSTITUTIONAL LOST OF HIS PERSONAL AND LEGAL PROPERTY AS LISTED HEREIN. THIS AMOUNT IS APPROPRIATE SINCE IT IS CLEAR THAT PLAINTIFF WAS DEPRIVED PERMANENTLY OF HIS PROPERTY. THE COURT SHOULD ALSO FIND THAT PLAINTIFF SHOULD BE AWARDED, AN ADDITIONAL, $500.00 IN PUNITIVE DAMAGES, AND MENTAL/ EMOTIONAL DAMAGES AGAINST DEFENDANTS, AND THE SUM OF $ 600.00 IN COSTS OF FILING THIS ACTION AND FEES. WHILE IT IS, OF COURSE, NECESSARY THAT PRISON OFFICIALS BE FREE TO CONDUCT TRANSFERRES OF INMATES, AND REMOVE THE INMATES PROPERTY OR CONDUCT CELL SEARCHES FOR LEGITIMATE INSTITUTIONAL REASONS. DEFENDANTS LOST, DAMAGED, SEIZURED, AND TREATMENT OF PLAINTIFF AND HIS PROPERTY WAS WHOLLY WITHOUT JUSTIFICATION. PLAINTIFF LEGITIMATELY POSSESSED THE ITEMS UNDER CH 33-602.201 F.A.C, AND DEFENDANTS ACTED IN WANTON DISREGARD OF PLAINTIFF'S RIGHTS UNDER THESE REGULATIONS AND THE FUNDAMENTAL CONSTITUTIONAL PRINCIPLES. FURTHERMORE, DEFENDANTS DISREGARED THE REQUIREMENTS OF FLA. ADM. CODE. 33-602.201, AND HAD NO REASONABLE EXPLANATION FOR SUCH A DEPARTURE. THIS DEPARTURE HAS INCLUDED ACTING OUTSIDE OF THE SCOPES OF THEIR EMPLOYMENT.

CHP. 33 - 208.002 (8) F.A.C. PROVIDES:

"NO EMPLOYEE SHALL WILLFULLY OR NEGLIGENTLY TREAT AN INMATE IN A CRUEL OR INHUMAN MANNER, NOR SHALL PROFANE OR ABUSIVE LANGUAGE BE USED IN DEALING WITH AN INMATE OR PERSON UNDER THE EMPLOYEE'S SUPERVISION".

### VIII. CONCLUSION

70 • THE PLAINTIFF AVERS A PRIMA FACIE CASE FOR THIS ACTION, AND FOR DAMAGES ON ALL NAMED DEFENDANTS, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY RESPECTIVELY, FOR THEIR ACTIONS / INACTIONS

### IX. RELIEF

1). PLAINTIFF DEMANDS A JUDGEMENT IN THE SUM OF $3,025.00, AS COMPENSATION FOR PROPERTY, $500.00, IN PUNITIVE DAMAGES AS TO, ESTHER, BROCK, HARPER, BECK, AND MERRITT. PLUS COSTS OF FILING THIS ACTION $600.00.

2). A JURY TRIAL ON ALL COUNTS HEREIN.
3). ANY OTHER RELIEF DEEMS JUST.

## X. ADDITIONAL DEFENDANTS

71. THE DEFENDANT, LEIGH A. ESTHER, IS EMPLOYEED WITH THE (FLDOC), IN THE POSITION OF "SERGEANT" AND WAS AT ALL TIMES THE SUPERVISOR OF LIMA DORM. AT SANTA ROSA. C.I.. 5850 EAST MILTON ROAD, MILTON, FLORIDA. 32583. THIS DEFENDANT IS CHARGED WITH THE DUTIES OF CARE CUSTODY, CONTROL, OF ALL INMATES AND THEIR PROPERTY. TO FOLLOW ALL FLORIDA AND FEDERAL LAWS, ASWELL, ALL RULES PROCEDURES AND POLICES WITHIN THE DEPARTMENT. TO INCLUED ENFORCING THE SAME. THE DEFENDANT IS SUED IN HER INDIVIUAL AND OFFICIAL CAPACITY.

72. THE DEFENDANT, J. HUDGINS, IS EMPLOYEED WITH THE (FLDOC), IN THE POSITION OF "WARDEN," AT WALTON C.I.. 691 INSTIONTION ROAD, DEFUNAK SPRINGS FLORIDA. 32423. DEFENDANT IS CHARGED WITH FULL DUTIES OF RUNING OF (WCI), CARE, CUSTODY AND CONTROL OF ALL INMATES AND THEIR PROPEETY. TO INVESTIGATE ALL COMPLAINTS, OR REQUESTS SUBMITED TO HIM. TO TRAIN, CONTROL, AND DISCIPLINE ALL STAFF. TO PROVIDE A SAFE AND HUMANE ENVIRONMENT FOR OFFENDERS AND STAFF IN WHICH THEY ARE INCARCERATED AND THAT THE DEPARTMENT MAKES EVERY EFFORT TO PROTECT INMATES FROM VICTIMIZATION WITHIN THE INSTITUTION AND DEVELOPMENT OF A SYSTEM OF DUE PROCESS, WHERE APPLICABLE. THE DEFENDANT IS SUED IN HIS OFFICIAL CAPACITY

## UNNOTARIZED OATH

I HEREBY CERTIFY, UNDER THE PENALTIES OF PERJURY, PURSUANT TO FLA. STAT. § 92. 525, THAT I HAVE READ THE COMPLAINT AND ALL ATTACHMENTS AND ALL STATED IS TRUE AND CORRECT UNDER PENALTIES OF PERJURY. I AARON C. PORTER, DECLARE. ACCORD: ONAS, 615 SO.2d 853 (FLA. 1892)


EXCEUTED THIS 06TH DAY OF NOVEMBER 2014, BY UNDERSIGN

AARON C. PORTER, #501401302

BROWARD COUNTY MAIN JAIL

555 SOUTHEAST 1ST AVE.

FORT. LAUDERDALE, FLA. 33301