IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AARON PORTER,

    Plaintiff,

v.                        CASE NO. 1:15-cv-12-MW-GRJ

JULIE JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a life sentence, who is presently confined at Northwest Florida Reception Center (NWFRC)[1], initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 in the Second Judicial Circuit Court, Leon County. The case was removed to this Court by Defendants pursuant to 28 U.S.C. § 1441. ECF No. 1. Plaintiff is proceeding pursuant to an Amended Complaint filed on this Court's form ECF No. 21. Defendants have moved to dismiss the Amended Complaint for abuse of the judicial process, failure to exhaust administrative remedies, and failure to state a claim. ECF No. 28. Plaintiff did not respond to the motion to dismiss, and the time for doing so has now long

---

[1] Plaintiff's current address of record with the Court is at Gulf CI. A review of the Florida Department of Corrections' online inmate locator reflects that Plaintiff is now confined at NWFRC. Plaintiff has not notified the Court of his change of address.

since passed.  For the following reasons, the undersigned recommends that the motion to dismiss for abuse of the judicial process be granted.

## I. Plaintiff's Allegations

Plaintiff's claims stem from incidents that occurred while he was confined at Santa Rosa CI and Walton CI in June 2012.  His allegations may be summarized as follows.  Plaintiff was an inmate at Santa Rosa CI when a disturbance occurred.  Plaintiff alleges that Defendant Sgt. Esther ordered five black inmates into a sallyport, and she and other officers began beating the inmates.  Plaintiff observed the incident from a dayroom table where he was doing legal work.  The prison was placed on lockdown and other black inmates were targeted and beaten overnight.

The following day, Sgt. Esther and Sgt. Brock, along with other officers, entered Plaintiff's dorm wing and ordered Plaintiff to pack his property because he was leaving.  Plaintiff was handcuffed, and Brock and Esther instructed other officers to "trash" Plaintiff's property because he "is a writ writer, we have something special for him."  ECF No. 21 at 12.  The officers began throwing inmates' property from the top floor to the ground floor where all of the property was mixed together.  Plaintiff was made to sign a property inventory form, over his objections.  Officers Merritt and Beck from Walton CI arrived to transport Plaintiff and other inmates.

Esther and Brock advised the Walton CI officers that they had spoken with Captain Harper at Walton CI and he knew "what to do with these boys'" [property]. What's left of it." *Id*. at 14.

Upon arriving at Walton CI, Plaintiff and other inmates were subjected to racist language and degrading treatment by Officers Harper, Beck, and Merritt. The officers forcibly removed Plaintiff's glasses. Plaintiff complained that his property had not been inventoried but rather had been damaged by Brock and Esther. The property officer at Walton CI, Officer Daughtry, refused to inventory the property, which was left sitting on a floor where it was accessible to other inmates. After making Plaintiff strip "in a degrading manner," Harper informed Plaintiff that Brock had called him to say the Plaintiff was a "writ writer," that he would not be getting a property slip for his glasses, and that his other property would be "slayed." Plaintiff was placed in confinement. *Id*. at 15-16.

Plaintiff learned that Esther had written a false disciplinary charge against him for inciting riots. During the investigation of the charge, Esther stated that the charge was made because Plaintiff was providing legal assistance to another inmate who had been beaten at Santa Rosa CI. Esther and Brock told Plaintiff "you want to be helping him writ write, now you going to need help." *Id*. at 16.

Plaintiff submitted inmate requests and informal grievances seeking return of his property, including legal property that he needed for a pending criminal case.  A small amount of property was returned to Plaintiff.  Plaintiff refused to sign the property inventory because the property belonged to a different inmate.  When Plaintiff complained to Daughtry, Daughtry stated it was not her problem and that Plaintiff should "think about that" before playing "two-by-four, jail-house lawyer."  *Id*. at 18.

Plaintiff alleges that Defendant Hudgins, the Walton CI warden, failed to investigate Plaintiff's property claims before denying his grievances.  Plaintiff alleges that the Secretary of the DOC failed to investigate his claims before denying his grievance appeals.  Plaintiff alleges that the Secretary's actions supported the officers' actions that were based on "false, erroneous, and retaliatory information."  *Id*. at 21-22.

Plaintiff alleges that Defendants' actions violated DOC rules and policies regarding the handling of inmate property.  Plaintiff alleges that Brock's actions reflected intentional indifference to Plaintiff and his property "all in the name of retaliation and racial discrimination, based on the fact a fellow officer had just been allegedly assaulted . . . by two other black inmates [whom] Plaintiff was assisting in a legal matter."  Plaintiff alleges that Defendants' actions were a "clear violation of Plaintiff's access to the

courts and freedom of speech," as well his right to personal property. Plaintiff alleges that he was impeded from proceeding on a timely postconviction matter because his legal work was destroyed or lost. *Id*. at 23.

Plaintiff contends that Defendants violated "state tort law and his rights under state laws." Plaintiff seeks compensatory damages for his lost property in the amount of $3025.00 as well as $500 in punitive or emotional damages, plus fees and costs. *Id*. at 29. Plaintiff also contends that this matter should be remanded to state court because Plaintiff has alleged "only state tort claims and effectively withdraws all federal claims." *Id*. at 32. Plaintiff has filed a "notice of withdrawing all federal claims," objections to removal, and "combined motion to remand case." ECF Nos. 22, 24, 25.[2]

## II. Defendant's Motion to Dismiss

Defendants argue that this case should be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose his prior case filing history in the Amended Complaint. Defendants also contend that Plaintiff failed to exhaust administrative remedies as to his claims

---

[2]Plaintiff's "objection" and "combined motion" was not docketed as a motion to remand. The Court previously struck Plaintiff's motion to remand and other pleadings because Plaintiff had not yet complied with the Court's order to file an Amended Complaint on the Court's form. ECF No. 20. As explained *infra*, Defendants oppose remand, *see* ECF No. 28, and the Court concludes that the matter should be dismissed in its entirety.

against Defendants, except with respect to a claim for compensation for lost property, and that his lost-property claim is not a cognizable federal claim.  Because the Court concludes that the Amended Complaint is due to be dismissed as a sanction for abuse of the judicial process, it is unnecessary to address Defendants' remaining, and unopposed, arguments.

### III.  <u>Abuse of the Judicial Process</u>

Plaintiff executed the civil rights complaint form under oath.  ECF No. 21 at 32.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." ECF No. 21 at 3-4.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED

AS WELL." ECF No. 21 at 3.

In completing the form, Plaintiff disclosed only one state-court case, the Leon County case that was removed to this Court in the instant proceeding. ECF No. 21 at 3. With respect to prior federal cases, Plaintiff specifically identified only one case: *Porter v. Broward Sheriff et al.*, Case No. 14-cv-62445 (S.D. Fla.). *Id*. at 4. Plaintiff acknowledged that he had filed other federal cases, but provided no identifying information as to such cases. He stated only that he had "filed several action [sic] in the district court, for the Southern District of Florida" that were dismissed for failure to state a claim, but no action had been dismissed as "frivolous or malicious." He further stated that "Plaintiff is incarcerated and without any means of obtaining any records or information with regards to any cases." ECF No. 21 at 5.

A review of the Court's PACER Case Locator reflects that Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more previous cases which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Porter v. Barfield et al.*, Case No. 2:07-cv-729-MMH-SPC (M.D. Fla. 12/10/07) (dismissing case pursuant to three-strikes bar and citing previous cases imposing bar). In fact, Plaintiff is a prolific filer, having initiated at least 18

cases in the Middle and Southern Districts while an inmate.

In addition to failing to disclose the specifics regarding his prior federal case filing history, including his status as a three-striker, Defendants have brought to the Court's attention that Plaintiff failed to disclose at least one other state-court case: *Porter v. Tucker*, Case No. 2012-SC-1242 (1st. Jud. Cir., Santa Rosa County). Defendants state that this prior state court case was "almost identical to Plaintiff's current case but did not contain allegations of constitutional violations." ECF No. 28 at 6.

The Court takes judicial notice of the state court docket for this prior case, which reflects that the six named Defendants are also named in the instant case: the DOC Secretary, L. Brock, "Dawtrdy" (presumably a misspelling of "Daughtry"), J. Harper, S. Merritt, and J. Beck. The Court further takes judicial notice that the prior state case was filed in October 2012, a few months after the incidents underlying the present case. Although Defendants have not made a copy of the state-court complaint an exhibit to their motion, the Court has independently reviewed Plaintiff's complaint in that case. The factual allegations in the Santa Rosa County case are virtually identical to Plaintiff's factual allegations in the Amended Complaint, ECF No. 21, and Plaintiff sought compensation for the same

property described in the Amended Complaint.  *See Porter v. DOC Secretary et al.,* Case No 2012-SC-1242 (10/19/12) (Plaintiff's Complaint). The Santa Rosa County case plainly is a state court case "dealing with the same or similar facts/issues involved in this action," for which disclosure is required.  ECF No. 21 at 3.³

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).⁴  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate

---

³The state-court docket reflects that the case was dismissed pursuant to Defendants' motion in December 2014.

⁴Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form -- while attesting to the Court that the answers are made under oath -- impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with

widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff's failure to disclose a prior state case against the same Defendants named in this case plainly impedes the Court's ability to determine whether the same issues presented in the instant case already have been litigated. Complete disclosure of prior state cases filed by Plaintiff would have assisted the Court in determining if Plaintiff had litigated these same claims previously.

Plaintiff, a frequent filer who admittedly assists other inmates with litigation, cannot credibly suggest that he could not fully and truthfully complete the Court's complaint form because he is incarcerated and without means to obtain records or information. The information is within his knowledge, particularly with respect to a previous state case that he filed against the *same* Defendants. While the Court might appreciate the difficulty in recalling the specifics of 18 previous federal cases, Plaintiff made no attempt whatsoever to disclose the additional prior state court case against six of the same defendants.

The willful lack of candor in his representations to this Court merits the sanction of dismissal without further consideration of Plaintiff's subsequent argument that this case should be remanded to state court because he is withdrawing his federal claims.  First, as Defendants argue, the Amended Complaint plainly includes claims that implicate Plaintiff's federal constitutional rights, including his Sixth Amendment right of access to court and his claim that he was subjected to retaliation for exercising his First Amendment rights.  Plaintiff seeks to redress these violations through an award of damages.  *See* ECF No. 21.  Second, Plaintiff's willingness to abandon his federal claims is an obvious attempt to prevent the Court from addressing whether the complaint is also subject to dismissal under the three strikes bar.  It is unnecessary to determine whether the case should be so dismissed, because in any event it is due to be dismissed for abuse of the judicial process notwithstanding the applicability of the three-strikes bar.

Moreover, a district court "has discretion to remand a removed case to state court when all the federal-law claims have dropped out of the action and only the pendent state-law claims remain." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988). In determining whether or not to remand, a federal court must weigh the considerations of "economy,

convenience, fairness, and comity." *Id.* at 350.  Even if the Court agreed that Plaintiff abandoned his federal claims, in light of Plaintiff's abuse of the judicial process, considerations of fairness support dismissal of all claims without prejudice[5] rather than remand.

## IV.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for abuse of the judicial process.

**IN CHAMBERS** this 25th  day of January 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[5]Dismissal with prejudice is considered a sanction of last resort and should only be employed in extreme circumstances.  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).  In general, dismissal without prejudice does not amount to abuse of discretion, even for a minor violation of a court order.  *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir.1983).